UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAKITA ROBERTSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-807** |
| **CAL DIVE INTERNATIONAL, INC., ET AL** | **SECTION "N" (3)** |

## ORDER AND REASONS

Before the Court is the Motion for Partial Summary Judgment (Rec. Doc. No. 14) filed by Defendant, Cal Dive International, Inc. ("Cal Dive"). Plaintiff, Lakita Robertson, has filed an Opposition to Defendant's Motion. The Court finds that issues of material fact are present that preclude summary judgment in this matter. Accordingly, for all of the reasons stated herein, Defendant's Motion for Summary Judgment is **DENIED**.

## I. BACKGROUND

On January 4, 2005, Lakita Robertson was working in the Gulf of Mexico, approximately 106 miles offshore, aboard the DSV Cal Dive I, a vessel owned by her then-employer, Cal Dive. On that date, Ms. Robertson , a galley hand aboard the vessel, was assisting the cook, Joseph Absent, in the galley, as he prepared lunch for the crew. Mr. Absent instructed Ms. Robertson to retrieve a salad from the outdoor walk-in cooler. The walk-in cooler is located on the back deck of the vessel near the entranceway to the galley. Access to the back deck from the galley is achieved by way of an interior door, made of wood and glass, and an exterior watertight door. As Ms. Robertson re-entered the galley with the salad from the back deck, she carried the salad bowl

1

in one hand and held open the interior galley door, which is fitted with a spring-action closing device, with the other. At the doorway, two steps lead from the back deck into the galley. These steps were allegedly wet at the time Ms. Robertson returned with the salad. As she descended the steps, the vessel allegedly rocked due to the moderate to rough sea conditions; Ms. Robertson lost her balance; and she fell onto the floor of the galley, landing on her right knee. She allegedly sustained various injuries as a result of her fall, including, according to Ms. Robertson, injuries to her neck, hand, back, right side and lower extremities, as well as mental depression.

On March 15, 2004, Ms. Robertson filed this action against Cal Dive. In her Complaint, she alleges that the negligence of Cal Dive and unseaworthiness of the DSV Cal Dive I were both proximate causes of her accident. She further urges that, because the accident occurred while she was in the service of the vessel, she is entitled to receive maintenance and cure from Cal Dive. On December 20, 2005, Cal Dive filed the Motion for Partial Summary Judgment presently before the Court. In its motion, Defendant moves the Court to enter summary judgment as to Plaintiff's claims for damages under the Jones Act and general maritime law.[1] In support of its motion, Defendant asserts that Plaintiff's fall was "solely due to her inattentiveness in missing a step." Defendant further states that Plaintiff bases her claims against it on the fact that there was no handrail by the steps where she fell and that she received no assistance in navigating the stairway. As to the absence of a handrail, Defendant argues that Plaintiff cannot prove liability on the part of Cal Dive or its vessel, because she would not have used a handrail even if one were available. As

---

[1] Defendant's Motion for Partial Summary Judgment does not apply to Plaintiff's claim for maintenance and cure.

to the lack of assistance provided plaintiff, Defendant points to the fact that Plaintiff did not ask for help in carrying the salad inside. Specifically, Defendant states that "Plaintiff had the discretion to request assistance in descending the steps or carrying the salad bowl, refused not to exercise this discretion and cannot now be heard to complain that Cal Dive was negligent for not providing assistance."

## II. LAW AND ANALYSIS

### A. Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment may be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

Initially, the movant bears the burden of demonstrating the absence of material fact issues. *Abbott v. Equity Group, Inc.*, 2 F.3d 613, 619 (5th Cir. 1993). The movant is not required, however, to negate the elements of the nonmovant's case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 323). If the movant meets his burden, then the burden then shifts to the nonmovant, who, to avoid summary judgment, must go beyond the pleadings and designate specific facts, which show that there is a genuine issue for trial. *Id.* (citing *Celotex*, 477 U.S. at 325). Of course, unsubstantiated assertions do not constitute competent

summary judgment evidence. *Abbott*, 2 F.3d at 619 (citing *Celotex Corp.*, 477 U.S. at 324).

Before granting a motion for summary judgment, the district court must be satisfied that no reasonable trier of fact could find in favor of the nonmoving party. *Anderson*, 477 U.S. at 249; *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (stating that "the facts and inferences [must] point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict"). In determining whether a material issue of fact exists, the evidence and all inferences drawn therefrom must be considered in the light most favorable to the non-moving party. *Baker v. American Airlines, Inc.*, 430 F.3d 750, 753 (5th Cir. 2005) (quoting *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005)).

B. Jones Act Claim

The Jones Act provides that "[a]ny seaman who ... suffer[s] personal injury in the course of his employment may, at his election, maintain an action or damages at law, with the right of trial by jury." 50 U.S.C.A. app. § 688. As explained by the Fifth Circuit, under the Act, a seaman may recover for damages from his employer "if his employer's negligence is the cause, in whole, or in part, of his injury." *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 335 (5th Cir. 1997). The employer is held to a standard of ordinary prudence under the circumstances. *Id.* at 335-336. Likewise, a seaman is held to the standard of a reasonable seaman under the circumstances. *Id.* at 339. The circumstances of a seaman's employment include his own experience, training and education. *Id.*

Contrary to Defendant's assertions, Plaintiff does not merely rely on the absence of a handrail and the failure of other crew members to aid her in performing her task to support her claim that Defendant's negligence caused her injuries. In her submissions in response to Defendant's

4

Motion for Summary Judgment, Plaintiff alleges that the entranceway into the galley did not contain a device to latch the inner door in an open position and that the lack of such a devise placed crew members at risk of injuring themselves when traversing the entranceway. In support of this argument, Plaintiff refers to the expert report of Captain John Manders and to the deposition testimony of Joseph Absent, the cook on the ship. According to Captain John Manders, who inspected the vessel and found no latch, if the captain of the vessel had provided a latch for this door, Ms. Robertson would have had the option of first latching back the screen door before going to get the salad from the outdoor cooler. In Captain Manders' opinion, under such circumstances, she could have re-entered the galley carrying the salad bowl in one hand, while steadying herself with the other. In response to questioning regarding the inner galley door during his deposition, Joseph Absent stated that there was no latch for the door and that it "used to swing open and if you didn't watch it, it would knock your head off." He further stated, "You had to hold this door. There was no ifs or maybes about it." On the other hand, Richard Carrillo, the captain of the DSV Cal Dive I at the time of the incident in question, testified during his deposition that he believed that the inner galley door was equipped with a latch to hold it open.

In opposing Defendant's Partial Motion for Summary Judgment, Plaintiff additionally points to the allegedly wet condition of the steps from which she fell and to the lack of proper non-slip materials on the steps. To support her position that the condition of the steps posed a slipping hazard that may have played a part in her accident, Plaintiff refers to the portion of Captain Manders' expert report wherein he states that "the wet and slippery step treads, inadequately surfaced with non-skid, non-slip material, further contributed to this accident." Plaintiff further refers to deposition testimony of Joseph Absent. During his deposition, Mr. Absent stated that when

5

Lakita fell, there was water on the entrance steps to the galley; that, at the time of the accident, the treads on the galley steps were "bald"; and that efforts were made to make the entranceway to the galley safer after the accident.

The Court finds that the statements and conclusions provided by Plaintiff's expert, as well as the deposition testimony of Joseph Absent, raise issues of material fact as to the reasonableness of Defendant's actions or inactions, and whether such actions or inactions contributed to Plaintiff's accident. Such issues preclude summary judgment on Plaintiff's negligence claim under the Jones Act.[2] Although Defendant has raised facts that indicate that Plaintiff may have, through her own fault and negligence, substantially contributed to her own injuries, Defendant has not demonstrated that it did not, at least in part, cause Plaintiff's accident.

## C.  Unseaworthiness Claim

The duty to provide a seaworthy vessel is absolute and is independent of the duty to exercise reasonable care under the Jones Act. *Johnson v. Offshore Express, Inc.*, 847 F.2d 1347, 1354 (5th Cir. 1988). To succeed on a claim for unseaworthiness, a seaman must establish that the owner of the vessel, which may or may not be his employer, has failed to provide a vessel, including

---

[2] In Plaintiff's Opposition, Plaintiff also alleges, based on its expert's report, that Defendant's failure to install a handrail by the stairs on which she fell constitutes a violation of 46 CFR § 72.05-20. Plaintiff further states that the steps were not constructed in accordance with United States Coast Guard regulations. Defendant, on the other hand, submitted an expert report, which indicates that "[t]he steps as configured meet industry and regulatory standards" and that "there is no regulation, whether Coast Guard or OSHA, which would require the presence of a handrail adjacent to the steps leading into the galley." Considering all of the submissions of the parties as to the Partial Motion for Summary Judgment, the Court finds that it does not have enough information before it to determine which regulations are applicable to the vessel at issue and determine whether the vessel is in compliance with such regulations. Regardless, the Court does not find that such a determination is necessary, as sufficient issues of material fact, aside from whether the vessel is in regulatory compliance, preclude summary judgment.

its appurtenances, gear and equipment, that is reasonably fit and safe for its intended purpose. *Boudreaux v. United States*, 280 F.3d 461, 468 (5th Cir. 2002); *Phillipps v. W. Co. of N. America*, 953 F.2d 923, 928 (5th Cir. 1992). A vessel owner, however, is not required to provide a perfect, or accident-free vessel. *Phillips*, 953 F.2d at 928. Additionally, the seaman must demonstrate that the breach of duty that rendered the vessel unseaworthy was a cause of, or that it played a substantial part in, bringing about the injuries for which the seaman seeks to recover. *Id*.

This Court has recognized previously that "[a] vessel's unseaworthiness may arise from various circumstances, including defective gear, appurtenances in disrepair, an unfit crew, an improper method of loading cargo, or an insufficient number of workers assigned to perform a shipboard task." *Simms v. Oceaneering Int'l, Inc.*, No. 04-CV-1298, 2005 WL 267570, at *3 (E.D. La. 2/1/05) (Vance, J.). The Court finds that the statements and conclusions of Plaintiff's expert with respect to the alleged lack of a latch for the interior door of the galley and improper treading upon the galley stairway also raise issues of material fact as to whether the DSV Cal Dive I was reasonably fit for its intended purpose and that judgment as a matter of law is, therefore, inappropriate with respect to Plaintiff's unseaworthiness claim.

### III. CONCLUSION

For all of the foregoing reasons, the Court finds that genuine issues of material fact are present that preclude summary judgment as to Plaintiff's Jones Act and unseaworthiness claims. Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Partial Summary Judgment is **DENIED**. The Court acknowledges that this ruling is based largely on the expert report of Captain John Manders provided by Plaintiff and that Defendant has recently filed a "Motion to Exclude or Limit Expert Testimony and Report of Captain John C. Manders," which is set for

hearing before the Court on July 5, 2006.  Defendant's motion to exclude was not made or argued in support of its Motion for Partial Summary Judgment.  Therefore, the Court has not considered information contained therein in coming to a conclusion with respect to this Motion for Partial Summary Judgment.  The Court has, however, reviewed Defendant's motion relative to Captain Manders and, without the benefit of an Opposition, finds that issues raised and statements made therein tend to support the positions maintained by Defendant in its Motion for Partial Summary Judgment.  Accordingly, this Order is made without prejudice to the right of Defendant to file a Motion for Reconsideration, pending the Court's ruling on the Defendant's motion relative to Captain Manders.

      New Orleans, Louisiana, this 28th day of June, 2006.

**Kurt D. Engelhardt**  
**United States District Judge**