UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAKITA ROBERTSON | CIVIL ACTION |
| VERSUS | NO. 05-807 |
| CAL DIVE INTERNATIONAL, INC. | SECTION "N" (3) |

### ORDER & REASONS

Before the Court are the following motions, filed by Defendant, Cal Dive International, Inc. ("Cal Dive"), in the above-captioned matter: 1) Motion to Exclude or Limit Expert Testimony and Report of Captain John C. Manders and 2) Motion in Limine. Plaintiff, Lakita Robertson, opposes both motions. For the reasons that follow, Defendant's Motion to Exclude is **GRANTED**, and Defendant's Motion in Limine is **GRANTED IN PART AND DENIED IN PART**.

### I. BACKGROUND

On January 4, 2005, Lakita Robertson was working offshore, aboard the Cal Dive I, a vessel owned by her then-employer, Cal Dive. On that date, Ms. Robertson, a galley hand aboard the vessel, was assisting the cook, Joseph Absent, in the galley, as he prepared lunch for the

1

crew. Mr. Absent instructed Ms. Robertson to retrieve a salad from the outdoor walk-in cooler. As Ms. Robertson re-entered the galley with the salad from the back deck, she carried the salad bowl in one hand and held open the interior galley door with the other. At the doorway, two steps lead from the back deck down into the galley. These steps were allegedly wet at the time Ms. Robertson returned with the salad. As she descended the steps, the vessel allegedly rocked, due to the moderate to rough sea conditions, and Ms. Robertson fell to the floor, sustaining various injuries.

On March 15, 2004, Ms. Robertson filed this action against Cal Dive, seeking to recover damages caused by the negligence of Cal Dive and the unseaworthiness of the vessel. She also seeks maintenance and cure benefits. In the course of preparing for trial, Ms. Robertson retained Captain John Manders to provide expert opinions regarding the circumstances of her accident. After inspecting the vessel and reviewing various documents, Captain Manders submitted an 8-page report to Plaintiff, which is dated December 28, 2005. In the report, Captain Manders states that, in his opinion, the following factors contributed to Plaintiff's accident: 1) the absence of a latch on the interior galley door to hold the door in an open position; 2) worn and inadequate non-slip material on the surface of the interior galley steps, which condition was exacerbated by sea water on such steps; 3) the deficient design of the galley entrance exterior and interior stairways and high steel doorway threshold; and 4) the lack of handrails or grab handles in close proximity to the galley entrance doorway. In regard to the third and fourth factors, Captain Manders further states in his report that he is of the opinion that the Cal Dive I is in violation of several United States Coast Guard regulations.

On June 20, 2006, Defendant filed both of the motions that are presently before the Court. In the Motion to Exclude, Defendant moves the Court to either exclude or limit the testimony of Captain Manders. In support of its motion, Defendant states that "Captain Manders' testimony ... involves errors of fact and law, and, under all circumstances, would not assist the Court in reaching any conclusions in this matter." Specifically, Defendant asserts that Captain Manders' opinions center around facts and observations that do not require any particular knowledge or expertise to comprehend. According to Defendant, "Proceeding through a doorway down steps is the most quotidian of activities, even if it occurs on a vessel, and what commentary Captain Manders placed on these activities is anything but technical or arcane." Defendant further argues that any testimony of Captain Manders regarding the slippery condition of the steps should be excluded at trial as being factually incorrect and irrelevant because Plaintiff specifically stated during her deposition that she didn't slip on anything. With respect to Captain Manders' conclusions regarding the absence of a latch on the inner galley door, Defendant states that his opinions are erroneous and should be excluded due to the fact that there is, in fact, a mechanism attached to the spring portion of the door that can be used to hold the door open. Finally, Defendant asserts that all opinions of Captain Manders based upon the Coast Guard Regulations found in Part 72 of Title 46 of the Code of Federal Regulations should not be admitted because the provisions of Part 72 do not apply to the Cal Diver I.

In response, Plaintiff states that Captain Manders' specialized knowledge of protocol aboard a vessel experiencing rough seas will aid the Court in determining whether negligence may be attributable to Cal Dive for the failure to provide her with assistance in performing her assigned

3

task. Plaintiff further states that Captain Manders' testimony regarding the slippery condition of the inner galley steps should not be excluded because she did, in fact, slip from the steps, which had insufficient non-skid protection. As to opinions regarding the absence of a latch, Plaintiff argues that Captain Manders' testimony should not be excluded because, indeed, there was no latch to hold open the door, and the crew was not informed that the door could be held open by a clasp attached to the overhead piston. Finally, Plaintiff contends that because the Cal Diver I is licensed to carry up to 16 non-crew members, or divers, it is similar to a passenger vessel; that the provisions of Title 46, subchapter H, Part 72 of the United States Coast Guard Regulations, which govern passenger vessels are persuasive and relevant; and that testimony regarding the application of such provisions should, therefore, not be excluded in the instant case.

In the Motion in Limine, Defendant moves the Court to order that any evidence, whether by way of testimony or exhibits, concerning the following be excluded at trial: 1) Plaintiff allegedly slipping or tripping on the galley steps of the Cal Diver I; 2) whether the galley steps could have been designed, outfitted or maintained to be safer; 3) any Coast Guard regulations appearing in Chapter 46, subchapter H, Part 72 of the Code of Federal Regulations; and 4) any OSHA regulations. Defendant states that evidence relative to such matters would not be relevant to any issues to be tried in this case. Specifically, Defendant argues that Plaintiff admitted that she did not slip or trip on the galley steps of the Cal Diver I and that the admission of any evidence regarding slip or trip hazards would, therefore, be prejudicial to Defendant if admitted. As to whether the galley steps could have been designed or outfitted to be safer, Defendant states that whether something could be made safer is not the legal standard for Jones Act liability or unseaworthiness

4

and that the standard is, rather, whether the ship, its appurtenances or equipment were reasonably safe at the time of an alleged accident. With respect to the Coast Guard regulations cited by Defendant, Defendant argues, as it does in its Motion to Exclude, that such regulations are not applicable to the Cal Diver I. Defendant further states that Plaintiff should be prohibited from referring to any OSHA regulations during trial, as such regulations are also inapplicable to the Cal Diver I.

In response to Defendant's Motion in Limine, Plaintiff asserts that she and Mr. Absent, the only witness to the accident, have both testified that she slipped off of the galley steps and that evidence regarding the condition of the steps is, therefore, relevant and should be admitted. Plaintiff further states that she should be allowed to introduce evidence regarding whether the galley stairway could have been made safer to aid her in demonstrating that the ship was unseaworthy and that her employer was negligent in failing to provide a safe galley stairway. Finally, Plaintiff asserts that she is entitled to introduce evidence pertaining to the Coast Guard regulations in Title 46, subchapter H, Part 72, as well as OSHA regulations concerning stairway and doorway safety because such regulations are "pertinent and persuasive."

## II.  LAW AND ANALYSIS

A.  Motion to Exclude

Rule 702 of the Federal Rules of Evidence, which sets forth the standard for the admission of expert testimony, provides as follows:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion

or otherwise.

Fed. R. Evid. 702. According to the Advisory Committee Notes to Rule 702, "whether the situation is a proper one for the use of expert testimony is to be determined on the basis of assisting the trier." *See* Advis. Comm. Notes, Fed. R. Evid. 702. *See also*, *Jones v. H.W.C. Ltd.*, 01CV3818, 2003 WL 42146, at * 2 (E.D. La. Jan. 3, 2003) (quoting Advis. Comm. Notes, Fed. R. Evid. 702). Therefore, if the court finds that "the jury could adeptly assess [the] situation using only their common experience and knowledge," then expert testimony regarding such situation should be excluded. *Peters v. Five Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990). Significantly, in recent years, this Court has issued numerous orders in which it has granted motions to exclude the testimony of marine liability experts, including the testimony of Captain John Manders.[1]

As for the instant case, upon reviewing the expert report of Captain John Manders, the Court finds that many of the conclusions contained therein largely touch upon matters that clearly fall within the common experience of an average lay person and therefore would not be of assistance to jurors considering this case. The Court agrees with Defendant's assertion that the

---

[1] *See e.g.*, *Jones*, 2003 WL 42146 at *3 (finding that one challenged expert report contained "conclusions and one-sided recitations of disputed factual issues relating to the presence of oil on the ladder, the condition of the anti-slip material, and the ship's cleanup procedures" and that "no expertise of any kind was required or used to render these opinions"); *Warner v. United States of America*, 04CV2789, 2005 WL 3543047, at * 2 (E.D. La. Dec. 1, 2005) (holding that "to the extent [Captain John] Manders' report contains opinions based on his frequent stowage of paint cans, ... his testimony will not assist the trier of fact because the situation can adequately be assessed using common sense and general knowledge); *Washington v. American Overseas Marine Corp.*, 04CV2882, 2006 WL 1540253, at * (E.D. La. June 1, 2006) (granting the government's motion to exclude the testimony of Captain John Manders regarding the circumstances surrounding the plaintiff's back injury); *Roy v. Florida Marine Transporters, Inc.*, 03CV1195, 2004 WL 551208, at *3 (E.D. La. Mar. 18, 2004).

factual scenario underlying Plaintiff's claims is not complicated and can be easily assessed through consideration of testimony and exhibits. Whether Cal Dive should have provided a latch to hold open the inner galley door of the vessel; whether the crew members should have been informed as to the presence of the stop mechanism on the piston; whether water and allegedly worn non-skid material on the inner galley steps posed a slip hazard; and whether any of these factors contributed to Plaintiff's accident and alleged injuries are all matters that a jury is competent to determine without the benefit of the opinions of an expert. Therefore, the Court finds that it would be inappropriate to allow Captain Manders to testify as to such matters.

In addition, the Court finds that the specific United States Coast Guard regulations referenced by Captain Manders in his report, all of which are contained in Title 46, section 72.05-20 of the Code of Federal Regulations, do not apply to the Cal Dive I, as such regulations apply only to passenger vessels.[2] The Cal Dive I is an offshore service vessel that is not authorized to carry any passengers.[3] Therefore, the Court finds that any opinions formed by Captain Manders based upon the regulations that he has cited are irrelevant and, therefore, should not be admitted at the trial of this matter.

---

[2] *See* 46 C.F.R. §§ 70.01-1, 72.05-1. Section 70.01-1 of Title 46 of the Code of Federal Regulations, which, like the provisions cited by Captain Manders, falls under supchapter H of title 46, specifically provides that "[t]he purpose of the regulations in this subchapter is to set forth uniform minimum requirements for *passenger vessels*" and that "[t]he regulations are necessary to carry out the provisions of law affecting *passenger vessels* and such regulations have the force of law." 46 C.F.R. § 70.01-1 (emphasis added). Section 72.05-1, which regards the application of subchapter H, states that the subchapter applies to "all U.S.-flag vessels indicated in Column 3 of table 70.05-1(a)." 46 C.F.R. § 72.05-1. The vessels identified in Column 3 of the table are all vessels that are authorized to carry one or more passengers. *Id*.

[3] *See* U.S.C.G. Certificate of Inspection, Defendant's Exibit "2".

B.  Motion in Limine

As for Defendant's Motion in Limine, insofar as Defendant seeks to have evidence regarding Plaintiff slipping or tripping on the galley steps of the Cal Dive I excluded at trial, Defendant's motion is **DENIED**.  The Court agrees with Plaintiff that she has not admitted that she did not slip or trip on the galley steps.  The deposition testimony cited by Defendant in this regard has been misinterpreted by Defendant and does not support Defendant's proposition.  Plaintiff did not state during her deposition that she did not slip at all.  Rather, she stated, in response to questioning during her deposition, that she did not slip or trip on *anything*.  Plaintiff's answer may reasonably be interpreted to mean that she did not slip on a foreign object that was on the steps at the time of the incident in question.  Accordingly, the Court finds that Plaintiff should be allowed to introduce evidence regarding whether she slipped or tripped on the galley steps.

Insofar as Defendant requests that evidence regarding whether the galley steps could have been designed, outfitted or maintained to be safer be excluded at trial, the Court finds that Defendant's motion lacks merit.  Therefore, Defendant's motion is **DENIED** in this respect.  The two primary Fifth Circuit cases that Defendant cites to support its position, *Marshall v. Ove Skou Rederi*, 378 F.2d 193 (5th Cir. 1967) and *Doucette v. Vincent*, 194 F.2d 834, 837 (5th Cir. 1952) are distinguishable from the case at hand, as those cases concerned allegedly unsafe equipment and/or appliances that were used by crew members, not an allegedly unsafe area or appurtenance of the ship itself.  The Court finds that Plaintiff is entitled to introduce the subject evidence in support of her arguments of unseaworthiness and negligence.  Of course, Defendant may address any such evidence through cross examination or with evidence of its own.

In all other respects, Defendant's motion is **GRANTED**. For the same reasons as stated above, the Court finds that the United States Coast Guard regulations contained in Title 46, subchapter H, Part 72 of the Code of Federal Regulations do not apply to the Cal Dive I. Therefore, any evidence regarding or reference to such regulations would irrelevant to the issues posed in the case at hand and shall be excluded at trial. Likewise, any evidence regarding or reference to OSHA regulations shall be excluded at trial as irrelevant, as the Fifth Circuit has clearly and unequivocally held, and this Court has recognized, that OSHA regulations do not apply to working conditions of seamen on vessels in navigation. *See Donovan v. Texaco, Inc.*, 720 F.2d 825, 826 (5th Cir. 1983); *Clary v. Ocean Drilling and Exploration Co.*, 609 F.2d 1120, 1122 (5th Cir. 1980) (finding that "the Coast Guard is a federal agency exercising statutory authority over the working conditions of seaman" and that Coast Guard regulations, therefore, fall within the OSHA exception found at Title 29, United States Code, Section 653(b)(1)). *See also*, *Mang v. Parker Drilling Offshore, L.L.C.*, 99CV3361, 99CV3605, 2001 WL 179920, at *2 (E.D. La. Feb. 22, 2001) (citing *Clary*, 609 F.2d at 1122).

### III. CONCLUSION

For all of the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Exclude is **GRANTED** and that the contents of Captain Manders' expert report, dated December 28, 2005, as well as testimony regarding the contents of such report shall not be introduced as evidence at trial. **IT IS FURTHER ORDERED** that Defendant's Motion in Limine is **GRANTED IN PART** and **DENIED IN PART**, as set forth herein. Insofar as Defendant's Motion in Limine is denied, such denial is without prejudice to Defendant's right to re-urge its

motion at the trial of this matter under appropriate circumstances.

New Orleans, Louisiana, this 12th day of July, 2006.

_____
**Kurt D. Engelhardt**
**United States District Court**