## UNITE D STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAKITA ROBERTSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-807** |
| **CAL DIVE INTERNATIONAL, INC. AND XYZ INSURANCE COMPANY** | **SECTION "N" (3)** |

### ORDER AND REASONS

Before the Court is the Motion to Exclude or Limit Expert Testimony and Report of Arthur Sargent (Rec. Doc. No. 56) filed by Plaintiff. Defendant opposes Plaintiff's motion. For the reasons that follow, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

On January 4, 2005, Lakita Robertson was working offshore aboard the Cal Dive I, a vessel owned by her then-employer, Cal Dive. On that date, Ms. Robertson, a galley hand aboard the vessel, was assisting the cook, Joseph Absent, in the galley, as he prepared lunch for the crew. Mr. Absent instructed Ms. Robertson to retrieve a salad from the outdoor walk-in cooler. As Ms. Robertson re-entered the galley with the salad from the back deck, she carried the salad bowl in one hand and held open the interior galley door with the other. At the doorway, two steps lead from the back deck down into the galley. These steps were allegedly wet at the time Ms. Robertson returned with the salad. As she descended the steps, the vessel allegedly rocked, due to the moderate to rough sea conditions, and Ms. Robertson fell to the floor, sustaining various injuries.

On March 15, 2004, Ms. Robertson filed this action against Cal Dive, seeking to recover damages caused by the negligence of Cal Dive and the unseaworthiness of the vessel. She also seeks maintenance and cure benefits. In the course of preparing for trial, Cal Dive retained Arthur C. Sargent to provide expert opinions regarding the circumstances of Ms. Robertson's

accident. After inspecting the vessel on December 6, 2005, and reviewing various documents, Mr. Sargent submitted a report dated February 1, 2006 to Defendant detailing his findings and conclusions. On June 27, 2006, Plaintiff filed the motion before the Court. In her motion, plaintiff moves the Court to exclude and/or limit the testimony of Mr. Sargent at trial for the following stated reasons: "1) The report of Arthur Sargent makes sweeping general statements with no substance; 2) Mr. Sargent's report is based on factual errors and conclusions; and 3) The questions in this matter relate to maritime safety which fall outside of Mr. Sargent's area of expertise as a naval architect/marine engineer."

In opposition, Defendant states that Mr. Sargent's conclusions are well-supported. Defendant further refutes Plaintiff's assertion that Mr. Sargent's report is based upon factual errors and conclusions. Finally, Defendant asserts that, because the design, configuration and maintenance of the stairs is the direct issue in this case, "a naval architect/marine engineer, and not a safety expert, brings the qualifications most suitable and well tailored to address the issues involved in this suit."

## II.  LAW AND ANALYSIS

Rule 702 of the Federal Rules of Evidence, which sets forth the standard for the admission of expert testimony, provides as follows:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

FED. R. EVID. 702. The Supreme Court has recognized that this rule gives the district courts considerable discretion to admit or exclude expert testimony. *See Gen. Elec. Co. v. Joiner*, 522 U.S.

136, 138-139 (1997). According to the Advisory Committee Notes to Rule 702, "whether the situation is a proper one for the use of expert testimony is to be determined on the basis of assisting the trier." *See* FED. R. EVID. 702 advisory committee's notes. *See also*, *Jones v. H.W.C. Ltd.*, 01CV3818, 2003 WL 42146, at * 2 (E.D. La. Jan. 3, 2003) (quoting FED. R. EVID. 702 advisory committee's notes). Therefore, if the court finds that "the [trier of fact] could adeptly assess [the] situation using only their common experience and knowledge," then expert testimony regarding such situation should be excluded. *Peters v. Five Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990).

Upon reviewing the report of Mr. Sargent, the Court finds that Mr. Sargent's comments and conclusions largely touch upon matters that are within the realm of common experience and would intrude upon the common sense of the trier of fact. A lay person does not need the assistance of an expert opinion to conclude, for instance, that "[a] handrail, as recommended by Ms. Robertson, would require three hands: one to hold the salad bowl, one to hold the wooden door open, and one to hold the handrail." Nor is the assistance of an expert opinion needed to conclude that "the bowl of salad was neither heavy nor unwieldy" or that "[t]he wooden door could also be secured in the open position, which action would require Ms. Robertson to do this before picking up the bowl of salad or have someone else do it."

Of the language contained in the "Comments" and "Conclusions" sections of the report, the Court finds that only the following language would be helpful to the trier of fact:

> In my opinion, the steps as configured meet industry and regulatory standards. There is no regulation, whether Coast Guard or OSHA, which would require the presence of a handrail adjacent to the steps leading into the galley, and there is nothing unusual about the configuration of the steps on the M.V. *CAL DIVER I*. In my experience, this configuration is typical of that which exists on numerous vessels plying the Gulf of Mexico.

> In my opinion, the design, layout and construction of the entrance to the galley, including exterior and interior steps, hatch and hatchway doors are reasonable and satisfactory for crew members to safely enter and exit the area. Further, in my opinion, the lip on the hatch opening is suitable for use as a hand hold.

Such information would be helpful, because the compliance of steps or a stairway with industry or regulatory standards is not within the common knowledge or experience of an average person.

Insofar as Plaintiff attacks the qualifications of Mr. Sargent to render opinions regarding safety concerns on a vessel, the Court finds that Plaintiff's arguments are unpersuasive. Mr. Sargent's opinions do not touch upon whether the steps of the galley were wet or slippery or the effect that such a condition would have upon one traversing the steps. Rather, his opinions touch upon the configuration and design of the steps and walkway from the galley to the deck. Mr. Sargent has decades of experience in naval architecture and vessel surveying. With respect to configuration and design of a portion of a ship, the Court finds that Mr. Sargent is clearly more qualified than would be a safety or liability expert to render opinions regarding safety implications of such configuration or design.

Insofar as Plaintiff urges that Mr. Sargent's report "contains sweeping general statements with no substance," the Court also finds Plaintiff's position to be unpersuasive. The specific statement in the report that Plaintiff objects to is the following: "In my opinion, the design, layout and construction of the entrance to the galley, including exterior and interior steps, hatch and hatchway doors are reasonable and satisfactory for crew members to safely enter and exit the area." Contrary to Plaintiff's assertions, the Court does not find that "there is no evidence that Mr. Sargent used his engineering background in coming to this legal conclusion." Mr. Sargent clearly set forth in his report the numerous documents and other items that he based his opinions upon. Additionally,

the Court finds that such conclusions could easily be based upon his many years of experience.

### III.  CONCLUSION

For all of the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Exclude is **GRANTED**, except as to the portion of Mr. Sargent's expert report referenced above in block quotation, wherein he states opinions relative to the configuration and design of the steps and entryway into the galley.  As to such portion of the report, Plaintiff's Motion is **DENIED**. Accordingly, at trial, Mr. Sargent may testify only as to the configuration, layout, construction and design of the steps and entryway into the galley and to the safety implications thereof.

New Orleans, Louisiana, this 14th day of July, 2006.

_____
**Kurt D. Engelhardt**
**United States District Judge**